**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| TERRELL PIERCE, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 16-0400 (RBK) (JS) |
| | : | |
| v. | : | |
| | : | |
| S/C.O E. BARNES, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff is a state prisoner currently incarcerated at the New Jersey State Prison in

Trenton, New Jersey. He is proceeding *pro se* with his civil rights complaint filed pursuant to 42

U.S.C. § 1983. The filing fee for a civil complaint is $400.00. If a prisoner-plaintiff is proceeding

*in forma pauperis*, the fee is $350.00, subject to being paid in installments as described below.

A prisoner who seeks to bring a civil action *in forma pauperis* must submit an affidavit,

including a statement of all assets, which states that the prisoner is unable to pay the applicable

filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his

inmate trust fund account statement for the six-month period immediately preceding the filing of

his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate

official of each prison at which he was or is confined. *See id.*; *see also* L.Civ.R. 81.2(b)

("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner

shall also submit an affidavit setting forth information which establishes that the prisoner is

unable to pay the fees and costs of the proceedings and shall further submit a certification signed

by an authorized officer of the institution certifying (1) the amount presently on deposit in the

prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action is:  (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b).

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

In this case, plaintiff has not paid the $400.00 filing fee. Furthermore, his application to proceed *in forma pauperis* is incomplete as his affidavit is missing information on the form supplied by the Clerk (most notably page 2). Therefore, it will be denied without prejudice. Accordingly, the Clerk will be ordered to administratively close the case. Plaintiff may reopen this action, however, by either paying the filing fee or submitting a complete *in forma pauperis* application.

DATED:  January 27,   2016                                      s/Robert B. Kugler
                                                                                 ROBERT B. KUGLER
                                                                                 United States District Judge